### IN THE CIRCUIT COURT FOR CHARLES COUNTY, MARYLAND

| | |
|---|---|
| **TIFFANY JONES**<br>13802 Doctor Edelen Drive<br>Accokeek, Maryland 20607<br><br>    Plaintiff<br><br>  *v.*<br><br>**BJ'S WHOLESALE CLUB, INC.**<br>25 Research Drive<br>Westborough, Massachusetts 01581<br><br>  **Serve On:**<br>    The Corporation Trust, Inc.<br>    2405 York Road, Suite 201<br>    Timonium, Maryland 21093<br><br>  *and*<br><br>**BJ'S WHOLESALE CLUB HOLDINGS, INC.**<br>25 Research Drive<br>Westborough, Massachusetts 01581<br><br>  **Serve On:**<br>    CT Corporation System<br>    155 Federal Street, Suite 700<br>    Boston, Massachusetts 02110<br><br>    Defendants | Case No. C-08-CV-21-000313 |

### COMPLAINT

**COMES NOW** Plaintiff Tiffany Jones, through counsel, John J. Cord and Posner & Cord, LLC, and for causes of action, sues Defendants BJ's Wholesale Club, Inc. and BJ's Wholesale Club Holdings, Inc., and states as follows:

**Posner & Cord, LLC**
108 W. Timonium Road
Suite 303
Timonium, MD 21093
(410) 252-0600
(443) 578-4687 (fax)
charmcitylawyer.com

-1-

EXHIBIT 3

### JURISDICTION AND VENUE

1.      Venue is appropriate in Charles County, Maryland pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-201 *et seq.* because the incident occurred in Charles County.

### THE PARTIES

2.      Plaintiff Tiffany Jones is a citizen and resident of Prince George's County, Maryland.

3.      Defendant BJ's Wholesale Club, Inc. is a business formed in Massachusetts with its principal place of business in Waldorf, Maryland.  At all relevant times, Defendant owned and operated a grocery and retail store located at 1000 St. Nicholas Drive, Waldorf, Maryland 20603.

4.      Defendant BJ's Wholesale Club Holdings, Inc. is a business formed in Massachusetts with its principal place of business in Waldorf, Maryland.  At all relevant times, Defendant owned and operated a grocery and retail store located at 1000 St. Nicholas Drive, Waldorf, Maryland 20603.

### FACTUAL BACKGROUND

5.      On or about July 22, 2018, Plaintiff was a business invitee at Defendants' grocery and retail store located at 1000 St. Nicholas Drive, Waldorf, Maryland 20603.

6.      Plaintiff had shopped in Defendants' store, and was exiting the store.  Near the carts, she slipped on water, falling and causing injuries.

**Posner & Cord, LLC**
108 W. Timonium Road
Suite 303
Timonium, MD 21093
(410) 252-0600
(443) 578-4687 (fax)
charmcitylawyer.com

7.      That water was caused by leaks from the roof and ceiling, or else it was brought in by carts from the weather outside.

8.      Ms. Jones was diagnosed with an injury to her right knee, which required multiple surgeries.

9.      At all times relevant to this incident, Ms. Jones was a business invitee of Defendants. As such, Defendants owed the highest duty to Ms. Jones to use reasonable care to inspect and maintain the premises in a safe condition, and to protect Ms. Jones from injury caused by an unreasonable risk, that she, through the exercise of ordinary care, would have not discovered on her own.

10.      At all times relevant, Defendants were aware or should have been aware of the liquid on the floor, and of the source of the liquid, as it had been in existence for a long time.

11.      Defendants had actual or constructive notice of the unsafe condition of the liquid.

12.      Plaintiff sustained serious and severe injuries solely as a result of the unsafe condition of the floor at the BJs store.  As a consequence, she has incurred, among other things, damages that include pain, inconvenience, embarrassment, mental anguish, costs of medical treatment and lost wages.

13.      Defendants are at fault for Plaintiff's fall and is responsible for her injuries.  Plaintiff was acting in a careful and prudent matter without any negligence contributing to her injuries.

**Posner & Cord, LLC**
108 W. Timonium Road
Suite 303
Timonium, MD 21093
(410) 252-0600
(443) 578-4687 (fax)
charmcitylawyer.com

### COUNT I
### NEGLIGENCE

14.     Plaintiff hereby incorporates by reference and realleges all paragraphs within this Complaint as if fully set forth herein.

15.     At all times, each Defendant was acting as the actual and/or apparent agent, servant, and/or agent of each other.

16.     Defendants had a duty to act reasonably and use due care in the operation of their business.  At the date and time of Plaintiff's fall, Defendants, individually and/or through its agents, servants and/or employees, breached that duty and were negligent in the following particulars, among others:

   a.  Failing to properly monitor, supervise and maintain the area of the fall so as to furnish to Plaintiff a safe path free from hazards which were recognized, or should have been recognized, by the Defendants as causing or likely to cause serious physical harm to Plaintiff and others;

   b.  Failing to maintain the area in a safe condition to ensure that Plaintiff would not slip and fall as a result of the unsafe condition of the floor which existed and which was known, or should have been known, to the Defendants;

   c.  Failing to properly inspect the floor where the Plaintiff fell as a result of the unsafe conditions;

   d.  Failing to properly inspect the ceiling where the water may have originated from;

   e.  Failing to properly keep the area of the carts free from water which may have been brought in by people or carts;

   f.  Failing to timely investigate reports of unsafe conditions or possible defects;

**Posner & Cord, LLC**
108 W. Timonium Road
Suite 303
Timonium, MD 21093
(410) 252-0600
(443) 578-4687 (fax)
charmcitylawyer.com

g.  Failing to properly place corrective devices to prevent the floor from becoming slippery, for example, non-slip mats;

h.  Failing to properly monitor the premises for signs of leaking or flowing water which posed a danger to Plaintiff and other invitees;

i.  Failing to warn Plaintiff of the dangerous, defective and unsafe condition of the store's floor;

j.  Failing to maintain the premises owned, operated and maintained by the Defendants in good and safe condition for the Plaintiff and others;

k.  Failing to otherwise comply with the applicable laws and regulations of the State of Maryland and the applicable Federal laws and regulations; and

l.  Otherwise failing to exercise the degree of care required under the circumstances.

17.     As a direct result of the negligent conduct, inaction and breach of care by Defendants, Plaintiff sustained the injuries, losses and damages more fully described above, without any contributing negligence of the Plaintiff.

**WHEREFORE**, Plaintiff Tiffany Jones demands judgment against Defendants in an amount over $75,000.00, plus costs, pre-judgment interest and post-judgment interest, to be determined by a jury at trial.

**Posner & Cord, LLC**
108 W. Timonium Road
Suite 303
Timonium, MD 21093
(410) 252-0600
(443) 578-4687 (fax)
charmcitylawyer.com

Respectfully submitted,

**POSNER & CORD, LLC**

   /s/ John J. Cord          
John J. Cord
*CPF No. 0312160144*
108 W. Timonium Road,
Suite 303
Timonium, Maryland 21093
(410) 252-0600
(443) 578-4687 (fax)
jcord@charmcitylawyer.com
www.charmcitylawyer.com
*Counsel for Plaintiff*

### RULE 20-201 CERTIFICATE

I certify that this filing does not contain any restricted information.

   /s/ John J. Cord          
John J. Cord

### REQUEST FOR ISSUANCE OF SUMMONS

This is an initial filing and Plaintiff requests that the Clerk issue a Writ of summons for Defendant.

   /s/ John J. Cord          
John J. Cord

**Posner & Cord, LLC**
108 W. Timonium Road
Suite 303
Timonium, MD 21093
(410) 252-0600
(443) 578-4687 (fax)
charmcitylawyer.com

-6-